Exhibit A

## PRENUPTIAL PROPERTY AGREEMENT

THIS AGREEMENT, made and executed on this 17th day of June, 2008 between ALEXANDRU GANUS, residing at Ocean Harbor Club, 87851 Old Highway, Unit P-3, Islamorada, Florida (hereinafter ALEXANDRU), and JOANNE J. MCGREGOR, residing at Ocean Harbor Club, 87851 Old Highway, Unit P-3, Islamorada, Florida (hereinafter called Joanne).

### WITNESSETH

WHEREAS, said parties have represented to each other that they are legally free to marry and therefore, contemplate marriage to each other, such marriage to be solemnized on or about June 20, 2008; and

WHEREAS, in anticipation of said marriage, the parties desire to fix, establish and determine the rights which shall accrue to each of them in the other's estate in the event of the death of either of the parties, and to fix, establish and determine the rights of the parties in the event of an annulment, separation, or dissolution of the marriage, including, but not limited to, the rights of the parties to support, alimony and equitable distribution pursuant to law, or any other rights which the parties may acquire through the course of the marriage by statute and/or decisional law in the State of Florida or any other jurisdiction, now or in the future; and

WHEREAS, the parties accept the provisions of this Agreement in lieu of any other rights either may have, in law or in equity, and in full discharge and satisfaction of such rights; and

WHEREAS, each party enters this Agreement with full knowledge of the extent and present value of all the property and estate of the other, and having had a reasonable opportunity to ascertain same or having declined to examine and investigate, each party has thereby waived and does hereby waive and relinquish the right to do so, and of all the rights and privileges in and to such property and estate of the other by virtue of the parties entering into the marital relationship as if this Agreement were not entered into; and

WHEREAS, each party has had the opportunity to obtain independent legal advice prior to the execution of this Agreement and has been fully advised as to his or her rights hereunder, and with full knowledge of such rights, each party desires to enter into this Agreement; and

WHEREAS, Alexandru hereby acknowledges that he has fully acquainted himself with Joanne's means and resources, as more fully set forth below, that Alexandru has ascertained and weighed all of the facts, conditions and circumstances likely to influence his judgment in entering into this Agreement; that he has had the advice of counsel of his own selection; that all matters embodied herein, as well as, all questions pertaining hereto have been fully and satisfactorily explained to him by his counsel; that Alexandru has given due consideration to such matters and questions; that he clearly understands and consents to all provisions hereof; and that he is entering into this Agreement freely, voluntarily and with full knowledge of his rights; and

WHEREAS, Joanne hereby acknowledges that she has fully acquainted herself with Alexandru's means and resources, as more fully set forth below, that Joanne has ascertained and weighed all of the facts, conditions and circumstances likely to influence her judgment in entering into this Agreement; that she has had the advice of counsel of her own selection; that all matters embodied herein as well as all questions pertaining hereto have been fully and satisfactorily explained

to her by her own counsel; that Joanne has given due consideration to such matters and questions; that she clearly understands and consents to all provisions hereof; and that she is entering this Agreement freely, voluntarily and with full knowledge of her rights;

NOW, THEREFORE, in consideration of the marriage and the mutual covenants contained herein and intending to be legally bound hereby, the parties agree as follows:

## ARTICLE I
## GENERAL STATEMENT OF INTENTIONS

It is the intention of the parties in entering into this Agreement that when the marriage ends by divorce or death, their rights shall be fixed in advance by this Agreement. It is their intention to avoid litigation and intrusion into their professional and personal lives and the lives of their families and business associates which would perhaps otherwise occur if this Agreement had not been entered into. Both parties recognize that they are waiving rights that they might have had if this Agreement had not been entered into. They are relinquishing these rights knowingly and voluntarily and, in doing so, warrant and represent that the Agreement is fair and reasonable to each of them.

## ARTICLE III
## SEPARATELY OWNED PROPERTY

It is the parties' intention that any property of any nature owned by any party prior to the marriage shall remain that party's separate property.

## ALEXANDRU'S SEPARATE PROPERTY

Alexandru is the owner of the below described properties or other assets. The parties acknowledge that Alexandru is the sole owner as listed below and that Joanne has made no contribution or investment therein. This list is not intended to be exclusive. The following specifically identified property shall constitute the separate property of Alexandru:

| | |
|---|---|
| San Francisco FCU | $     5,000.00 |
| Capital One, First Bank Certificate of Deposit | $200,000.00 |
| Charles Schwab stocks, bonds and marketable securities | $  35,000.00 |
| IRAs | $  35,000.00 |
| Buckeye, Arizona Residence | $200,000.00 |
| Personal Property | $  25,000.00 |

## JOANNE'S SEPARATE PROPERTY

Joanne is the owner of the below described properties or other assets. The parties acknowledge that Joanne is the sole owner as listed below and that Alexandru has made no contribution or investment therein. This list is not intended to be exclusive. The following specifically identified property shall constitute the separate property of Joanne:

| | |
|---|---|
| H. Laird McGregor Family Trust*  $1,201,735.00 | |
| H. Laird McGregor Marital Trust* | $  395,267.00 |
| Joanne J. McGregor Revocable Trust Fund | $1,487,094.00 |
| Joanne J. McGregor Revocable Investment Management Agency Agreement | $  207,136.00 |
| Indiana Residence | $1,100,000.00 |

J.J.M.

| | |
|---|---|
| Ohio Real Property | $ 300,000.00 |
| 87851 Old Highway, Unit P-3, Coral Harbor Club | $2,200,000.00 |
| Personal Checking Accounts | $ 20,000.00 |
| Motor Vehicles | $ 60,000.00 |
| Personal property | $ 250,000.00 |

(including, but not limited to, furnishings, jewelry, artwork and antiques, wherever located)

*Joanne receives trust income and power of appointment*

Each party represents to the other that neither have indebtedness in excess of $15,000.00.

It is agreed and understood between the parties that, as long as not comingled with the property of the other, all separate property or other assets as listed above acquired prior to the marriage, regardless of the source of the money or property to purchase, finance or acquire same, together with any property or other assets into which same is hereafter converted, any income therefrom, or any increments, accretions or increases in value thereof, whether due to changes in economic conditions or due directly or indirectly to the services, skills or efforts of either of the parties, shall remain the sole and separate property or other asset of the respective owner of the property or other asset prior to the marriage. Additionally, any property purchased or acquired by any party after the marriage shall be considered the sole asset of the party in whose name the property is titled. If untitled, such property as the parties designate in writing, shall be the separate property of the party so designated. Any gift received by a party shall be deemed the separate property of that party.

Unless otherwise agreed to in writing, joint or marital liabilities shall be liabilities other than those incurred in one party's name. Excluded from the definition of joint liabilities shall be those liabilities which solely benefit the separate or non-marital property of one party.

## ARTICLE IV
## MARITAL RESIDENCE

It is agreed and understood between the parties that after their marriage, they contemplate that they will reside in the home presently owned by Joanne at 87851 Old Highway, Unit P-3, Coral Harbor Club, Islamorada, Monroe County, Florida. Alexandru does hereby waive and relinquish whatever right, title and interest he may have in this home, or any other residence purchased from Joanne's separate property, by virtue of his marriage to Joanne and as a result of any contributions he may make towards the payment of bills or mortgage(s) associated with any said home. These waivers of Alexandru include any increase in the value of the home whether or not such appreciation is due in whole or in part to the contribution or efforts by Alexandru; property acquired in exchange for such property; the proceeds of sale thereof; and property acquired with such proceeds or with other separate property or other assets.

## ARTICLE V
## DISSOLUTION OF THE MARRIAGE

If the parties subsequently experience marital difficulties which lead to a dissolution of the marriage by a court of competent jurisdiction, then the parties shall divide their property as follows:

A. Any property acquired by the parties individually, prior to or subsequent to the marriage, except as otherwise designated by the parties, including the property listed in Article III above, shall continue to remain the separate and independent property of the parties and shall not be subject to division in any dissolution proceedings including, but not limited to, any addition thereto or accumulated interest or accretions thereon.

B. Upon the termination of the marriage, the parties shall be entitled to equitable distribution of all marital property and responsible for joint debts jointly

acquired during the marriage in such percentages as the parties shall agree or a court of competent jurisdiction shall determine. For purposes of this paragraph, it is reiterated that marital property shall not include any of the separate property as listed in Article III above, nor any income therefrom, nor any property or assets acquired from the proceeds or income of said separate property (including premarital property), whether due to market conditions, skills, services, or efforts of either party.

C. In the event Joanne commences legal proceedings to dissolve the marriage for any reason, and as a direct result thereof, judgment of dissolution is entered by a court of competent jurisdiction, and provided that Alexandru has not committed adultery, fornication, abandoned the marital bed, abandoned the marital home, physically abused or emotionally abused (emotional abuse shall be proved by clear and convincing evidence) Joanne at any time prior to commencement of dissolution proceedings, Alexandru shall be entitled to the following sums, in lieu of, and as consideration for waiving his right to any claims to receive alimony, support allowances, attorneys fees (except attorneys fees *pendent elite* if he is otherwise eligible for same) or any other payment of any nature for his support or maintenance, he may have, pursuant to any law in effect at the time of the dissolution of marriage:

I. In the event dissolution proceedings are commenced within one year from the date of the marriage, Alexandru shall receive the sum of $100,000.00 which shall be considered equitable distribution from Joanne.

II. Thereafter, upon each anniversary of the marriage, Alexandru shall be entitled to an additional sum of $100,000.00, up to a total of $900,000.00, all of which shall be considered equitable distribution.

D. In the event Alexandru commences legal proceedings to dissolve the marriage for any grounds, except in the event Joanne is legally declared mentally incompetent, and as a direct result thereof, a judgment of dissolution is entered by a court of competent jurisdiction, Alexandru waives the right to receive any sum of money from Joanne. The filing of a counter-petition for the specific

purpose only of enforcing the terms of this agreement shall not be considered a commencement of legal proceedings to dissolve the marriage with regard to this paragraph.

## ARTICLE VI

### WAIVER OF RIGHT TO ELECT TO TAKE AGAINST WILL OF DECEASED SPOUSE

A. Each of the parties waives, releases, and relinquishes all rights or claims to the estate, property, assets, or other effects of the other under any present or future law of the State of Florida or any other state or of the United States, except as otherwise specifically provided for in this agreement or any subsequent agreement executed by the parties. Each of the parties waives, releases, and relinquishes all rights or claims under Section 732.201 et seq. of the Florida Probate Code, as those sections now exist or may in the future be amended, or under any present or future law of any state or of the United States to elect to take in contravention of the terms of any last will or trust instrument of the other, including any last will now executed or which may be executed in the future, or any disposition of property made by the other during his or her lifetime or otherwise.

Each of the parties will refrain from any action or proceeding which may tend to avoid or nullify the terms of any last will or trust instrument of the other.

Each of the parties waives the right to letters of administration in each other's estate, and also waives all statutory allowance under Section 732.403 of the Florida Probate Code, as that section now exists or may in the future be amended, or any similar or subsequently enacted statute of the State of Florida or of any other state or of the United States. This provision shall not be construed as preventing either party from appointing the other as executor of his or her estate. The waivers contained in this article include, but are not limited to, any waivers allowed to be made pursuant to Section 732.702 of the Florida Probate Code.

B.  Upon the death of Joanne, provided that she and Alexandru are married, Alexandru shall receive from Joanne's estate, all right, title and interest in and to her condominium (including necessary furniture), located at 87851 Old Highway, Unit P-3, Coral Harbor Club, Islamorada, Monroe County, Florida, free and clear of all mortgages or liens incurred by Joanne. Specifically excluded therefrom is all furnishings and personal property owned by Joanne at the time of her death and located in the condominium; such items shall become a part of Joanne's estate and be distributed pursuant to any testamentary instrument executed by Joanne and in effect at the time of her death. It is understood and agreed that the right to receive Joanne's condominium is a right personal to Alexandru and shall not be assignable or transferrable to any third party or otherwise inure to the benefit of Alexandru's heirs or assigns. In the event that the marriage between Joanne and Alexandru is dissolved at or prior to Joanne's death, this paragraph shall be rendered null and void and Joanne's condominium shall become a part of her estate and pass pursuant to any testamentary instrument executed by Joanne and in effect at the time of her death, and, if no such instrument exists, pursuant to the laws of intestacy. The provisions of this paragraph shall operate as a debt against Joanne's estate.

## ARTICLE VII

## RECITALS

The parties do hereby and adopt as part of their Agreement each of the recitals contained above in the WHEREAS clauses, and agree that they shall be binding upon the parties hereto by way of contract and not merely by way of recital or inducement; and such clauses are hereby confirmed and ratified as being true and accurate by each party.

## ARTICLE VIII

## BINDING EFFECT OF AGREEMENT

All provisions of this Agreement shall be binding upon the parties hereto, their respective heirs, personal representatives, executors, administrators and/or assigns.

## ARTICLE VIII
## CONSTRUCTION

It is the intention of the parties that this Agreement be interpreted in accordance with the laws of the State of Florida.

## ARTICLE IX

## EFFECTIVE DATE

The effective date of this Agreement shall be the date of the marriage of the parties.

## ARTICLE X
## ATTORNEY FEES

Should legal action be instituted by either party to enforce the terms and conditions of this Agreement, the parties agree that each party shall pay his or her legal expenses incurred, including reasonable attorney's fees, cost and suit monies. This paragraph shall be enforced no matter which party prevails in an enforcement action.

## ARTICLE XI
## SEVERABILITY

Signed, Sealed and Delivered in the presence of:

Witness: Jack Briggs
(Printed Name)

Witness: Nicholas W. Mulick
(Printed Name)

_____
ALEXANDRU GANUS

STATE OF FLORIDA
COUNTY OF MONROE

The foregoing instrument was executed this 17th day of June 2008 by Alexandru Ganus who is personally known to me or who has produced Florida DL G520-007-50129-0 as identification.

_____
NOTARY PUBLIC

Nancy J. Mulick
Printed name of Notary Public

NANCY J. MULICK
MY COMMISSION # DD 678607
EXPIRES: July 5, 2011
Bonded Thru Notary Public Underwriters

Witness: Nicholas W. Mulick
(Printed Name)

Witness: Jack Briggs
(Printed Name)

_____
JOANNE MCGREGOR

J.J.M.

**STATE OF FLORIDA**
**COUNTY OF MONROE**

The foregoing instrument was executed this 17th day of June 2008 by Joanne McGregor who is personally known to me or who has produced _____ as identification.

My commission expires:

NANCY J. MULICK
MY COMMISSION # DD 678607
EXPIRES: July 5, 2011
Bonded Thru Notary Public Underwriters

Nancy J. Mulick
NOTARY PUBLIC

Nay J. Mulick
Printed name of Notary Public

J.J.M.