IN THE UNITED STATES DISTRICT OF OHIO
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ALEXANDRU GANUS, | : | Case No: 2:24-cv-3584 |
| | : | |
| Plaintiff, | : | Judge Edmund A. Sargus |
| | : | |
| | : | Magistrate Judge Chelsey M. Vascura |
| v. | : | |
| | : | |
| LAURIE CONNOR, *et al*. | : | |
| | : | |
| Defendant. | : | |

**DEFENDANT LAURIE CONNOR'S MOTION TO DISMISS PLAINTIFF ALEXANDRU GANUS'S COMPLAINT PURSUANT TO FED.R.CIV.P. 12(B)**

Now comes Defendant Laurie Connor, individually and also in her capacities as Executor of the Estate of Margaret Joanne Ganus and Trustee of the Joanne J. McGregor Revocable Trust (collectively "Connor"), and moves this Court to dismiss Plaintiff Alexandru Ganus ("Ganus")'s July 1, 2024 complaint pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted.

                   Respectfully submitted,

                   /s/ Andrew C. Clark
                   Andrew C. Clark (0083519) Trial Counsel
                   Samantha M. Lewis (0100975)
                   Colleen R. Vance (0099665)
                   **Onda LaBuhn Ernsberger & Boggs Co., LPA**
                   acc@ondalabuhn.com
                   sml@ondalabuhn.com
                   crv@ondalabuhn.com
                   35 North Fourth Street, Suite 100
                   Columbus, Ohio 43215
                   Phone: (614) 716-0500
                   Fax: (614) 716-0511
                   *Counsel for Defendant Laurie Connor*

**MEMORANDUM IN SUPPORT**

I.  **BACKGROUND**

On July 1, 2024, Ganus filed his original complaint ("Complaint"). (Complaint, ECF No. 1). Within the Civil Cover Sheet attached to the Complaint, Ganus identifies the basis for federal court jurisdiction as being exclusively diversity jurisdiction (ECF No. 1-1). The Complaint asserts 5 causes of action as follows: (i) Declaratory Judgment to Enforce Prenuptial Property Agreement (ECF No. 1 at ¶¶ 55-63); (ii) Declaratory Judgment to Invalidate Deed (*Id.* at ¶¶ 64-71); (iii) Breach of Fiduciary Duty (*Id.* at ¶¶ 72-79); (iv) Breach of Contract (*Id.* at ¶¶ 80-88); and (v) Fraudulent Transfer (*Id.* at ¶¶ 89-95). Ganus has attached several exhibits to his Complaint as follows:

- **Exhibit A** - Prenuptial Property Agreement ("**Prenup**") containing 12 pages (ECF No. 1-2 PageID 15-26);

- **Exhibit B** – Last Will and Testament of Joanne J. McGregor-Ganus ("**2015 Will**") containing 6 pages (ECF No. 1-3 PageID 27-32);

- **Exhibit C** – Durable Power of Attorney of Margaret Ganus ("**POA**") containing 7 pages (ECF No. 1-4 PageID 33-39);

- **Exhibit D** – First Codicil to Last Will and Testament of Joanne J. McGregor-Ganus ("**Codicil**") containing 4 pages (ECF No. 1-5 PageID 40-43);

- **Exhibit E** – Warranty Deed to Trustee ("**Deed**") containing 13 pages (ECF No. 1-6 PageID 44-56);

- **Exhibit F** – Presentment and Preservation of Claim containing 32 pages (ECF No. 1-7 PageID 57-88);

- **Exhibit G** – Written Demand for Allowance of Claim containing 2 pages (ECF No. 1-8 PageID 89-90);

- **Exhibit H** – Notice of Rejection of Claim containing 1 page (ECF No. 1-9 PageID 91);

- **Exhibit I** – Certificate of Death containing 1 page (ECF No. 1-10 PageID 92).

The Complaint makes the factual allegations which, for purposes of this Motion, must be taken as true. The following allegations form the factual basis of this Motion.

On June 20, 2008, Ganus married Joanne McGregor ("McGregor") in Islamorada, Florida. (ECF No. 1 at ¶ 7). On June 17, 2008, Ganus and McGregor executed a Prenup (ECF No. 1-2). (ECF No. 1 at ¶9). In the event McGregor and Ganus are married at the time of McGregor's death, Ganus becomes the holder of a debt against McGregor's estate for the transfer of a condominium ("Condo") located at 87851 Old Highway, Unit P-3, Coral Harbor Club, Islamorada, Monroe County, Florida. (*Id.* at ¶¶ 10-11). On December 21, 2015, McGregor executed her 2015 Will (ECF No. 1-3) naming Ganus as the beneficiary of the Condo. (ECF No. 1 at ¶ 12). Prior to June 2020, McGregor and Ganus split their time between Florida and Arizona but remained exclusively in Arizona after June 2020. (*Id.* at ¶¶ 21 and 23).

On November 23, 2023, McGregor executed a Codicil (ECF No. 1-5) to her December 21, 2015, Will naming Connor as her desired beneficiary for the Condo. (ECF No. 1 at ¶¶ 42-44). In December 2023, McGregor filed a Petition for Dissolution of Marriage in Maricopa County, Arizona seeking to dissolve her marriage with Ganus. (ECF No. 1 at ¶ 45). On February 5, 2024, Connor, as attorney-in-fact for McGregor, executed a General Warranty Deed (ECF No. 1-6) conveying the Condo to McGregor's Revocable Trust dated April 23, 2004. (ECF No. 1 at ¶ 46). On February 24, 2024, McGregor passed away. (*Id.* at ¶ 49). On May 24, 2024, Ganus filed his Presentation of Claim (ECF No. 1-7) and on May 28, 2024, Ganus served his demand for allowance of his claim (ECF No. 1-8). (ECF No. 1 at ¶¶ 52-23). On May 31, 2024, Ganus was informed that his claim was rejected (ECF No. 1-9) because McGregor's estate did not own any right, title, or interest in the Condo at the time of McGregor's death on February 24, 2024. (ECF No. 1 at ¶ 54).

II.  **LAW & ARGUMENT**

Fed.R.Civ.P. 8(a) requires a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 12(B)(6) authorizes a motion to dismiss

3

for failure to state a claim upon which relief can be granted. Although a court accepts the facts a plaintiff alleges as true when ruling on a motion to dismiss, "a formulaic recitation of the elements of a cause of action will not do*." Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1959 (2007). The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 663, 129 S. Ct. 1937, 1949 (2009).

In *Iqbal*, the Supreme Court warned a court should not confuse conclusory allegations with factual allegations. *Id.* at 1949. As the *Iqbal* Court explained, "a plaintiff's obligations to provide the 'grounds of his entitle[ment] to relief' [under Fed.R.Civ.P. 8(a)(2)] requires more than labels and conclusions* * *." *Twombly*, at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, at 1949. Accordingly, to sufficiently plead a claim, a plaintiff must allege sufficient facts that plausibly establish each element of the cause of action. *Id.* at 1949. In 2020, Judge Carr issued an opinion noting as follows:

> Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations." *Iqbal, supra,* 556 U.S. at 679. Terms like "bias," "prejudice," "collusion," "conspiracy," "fraud," "fail to disclose" all express the legal conclusions that plaintiffs want the trier of fact to reach: standing alone, they are not *facts* and thus fail to state claims under the *Iqbal/Twombly* mandate.
>
> "Plaintiff must do more than merely speculate and create suspicion." *Dye v. Wells Fargo Home Mortg.*, 2014 WL 1908285, at *6 (E.D. Mich. 2014), *Accord, e.g., McKinney v. Smith*, 2018 WL 3197434, at *9 (W.D. Mich., 2018); *Vickery v. Caruso*, 2008 WL 4058721, at *6 (E.D. Mich. 2008). A mere possibility that plaintiff might prevail is not enough. *Iqbal, supra*, 556 U.S. at 678.

<u>James v. Norfolk Southern Ry. Co.</u>, N.D.Ohio No. 3:19-CV-1498, 2020 WL 1316513, *2.

Based on these standards, Ganus's Complaint is insufficient in that it fails to sufficiently state a claim or allege sufficient facts that plausibly establish each element of each cause of action alleged, upon which relief can be granted. Therefore, it should be dismissed.

4

### A. Count One should Appropriately be Dismissed because the Condo was not an Asset of McGregor's Estate at the time of her Death.

In the context of contract interpretation, this Court has regularly noted such interpretations are a matter of law for determination by the Court and has commented as follows:

> When confronting an issue of contract interpretation, the Court must give effect to the intent of the parties. *Hamilton Ins. Serv., Inc. v. Nationwide Ins. Cos.*, 86 Ohio St.3d 270, 273, 714 N.E.2d 898 (1999). The Court presumes the intent of the parties will "reside in the language they choose to use in their agreement." *Graham v. Drydock Coal Co.*, 76 Ohio St.3d 311, 313, 667 N.E.2d 949 (1996). If the plain language does not confer a "definite legal meaning," then the contract is ambiguous. *Westfield Ins. Co. v. Galatis*, 100 Ohio St.3d 216, 219, 797 N.E.2d 1256 (2003).
>
> In other words, "[a]mbiguity exists only when a provision at issue is susceptible to more than one reasonable interpretation." *Lager v. Miller-Gonzalez*, 120 Ohio St.3d 47, 50, 896 N.E.2d 666 (2008) (citing *Hacker v. Dickman*, 75 Ohio St.3d 118, 119–120, 661 N.E.2d 1005 (1996)). The fact that a contract's enforcement will confer hardship on one or both parties is not evidence of ambiguity. *Bondex Int'l Inc. v. Hartford Accident and Indemnity Co.*, 667 F.3d 669, 677 (6th Cir. 2011) (citing *Foster Wheeler Enviresponse, Inc. v. Franklin County Convention Facilities Authority*, 78 Ohio St.3d 353, 362, 678 N.E.2d 519 (1997)).
>
> However, where a contract is ambiguous, the Court may consider extrinsic evidence to determine the parties' intent. *Westfield*, 100 Ohio St.3d at 219, 797 N.E.2d 1256 (citing *Shifrin v. Forest City Enterprises, Inc.*, 64 Ohio St.3d 635, 638, 597 N.E.2d 499 (1992)). The Court may not alter a contract by interpreting extrinsic evidence as contrary to its express terms. *Westfield*, 100 Ohio St.3d at 219, 797 N.E.2d 1256 (citing *Blosser v. Enderlin*, 113 Ohio St. 121, 129, 148 N.E. 393 (1925) ("there can be no intendment or implication which is inconsistent with an express provision thereof")).

Shanesville Investments LLC v. Eclipse Resources I, LP, 358 F.Supp.3d 665, 670.

Within the Complaint, Ganus directs this Court to Article VI, Paragraph B, of the Prenup for purposes of seeking declaratory judgment enforcing the Prenup and "requiring Defendant, in her capacity as Executor of Decedent's Estate, to comply with her obligation under the Prenup and transfer the Condo (including necessary furniture) and/or the value thereof to Plaintiff." (ECF No. 1 at ¶¶ 56 and 63). While the language of Article VI, Paragraph B, is the specific language which

5

Ganus seeks to have this Court interpret, this Court must interpret that language within the context of the entire document to ensure the ultimate interpretation is not contrary to any other express terms within the Prenup.

At the outset, Article I of the Prenup entitled "General Statement of Intentions" provides "[i]t is the intention of the parties in entering into this Agreement that when the marriage ends by divorce or death, their rights shall be fixed in advance by this Agreement." (ECF No. 1-2 at PageID 17). Article I also states "[b]oth parties recognize that they are waiving rights that they might have had if this Agreement had not been entered into." *Id.* The foregoing provision makes clear the relevant point in time for determining the rights of the parties is the date when the marriage ends by divorce or death and thus there was not present-tense conveyance of any rights, title, or interest in property through the Prenup. Instead, there was an agreement as to how assets would be handled if they remained titled to the parties as of the date when the marriage was terminated, by death or otherwise.

Article III "Separately Owned Property" provides a non-exhaustive description of "separate property" held by both Ganus and McGregor while noting the "parties'" intention that any property of any nature owned by any party prior to the marriage shall remain that party's separate property." (ECF No. 1-2 at PageID 17-19). Notably, the Condo is specifically listed within "Joanne's Separate Property" on page 5 of the Prenup. Also included in "Joanne's Separate Property" are the "Joanne J. McGregor Revocable Trust Fund." Inclusion of the Condo within McGregor's separate property evinces an express intention between Ganus and McGregor for continued treatment of the Condo as McGregor's separate property during her lifetime. Article III goes on to confirm as follows:

> as long as not comingled with the property of the other, **all separate property** or other assets as listed above acquired prior to the marriage, regardless of the source

6

>   of the money or property to purchase, finance or acquire same, **together with any property or other assets into which same is hereafter converted, any income therefrom, or any increments, accretions or increases in value thereof**, whether due to changes in economic conditions or due directly or indirectly to the services, skills or efforts of either of the parties, **shall remain the sole and separate property or other asset of the respective owner of the property or other asset prior to the marriage**.

(Emphasis added.) *Id.*

The Condo is then specifically referenced within Article IV "Marital Residence" which details an agreement and understanding between McGregor and Ganus "that after their marriage, they contemplate that they will reside in the home presently owned by Joanne" being the Condo at issue in this Complaint. (ECF No. 1-2 at PageID 20). Article IV goes on to expressly provide Ganus waived and relinquished "whatever right, title and interest he may have in this home, or any other residence purchased from Joanne's separate property, by virtue of his marriage to Joanne…" *Id.* Those waivers included, but were not limited to, increases in the value to the Condo, "property acquired in exchange for such property; the proceeds of sale thereof; and property acquired with such proceeds or with other separate property or other assets." *Id.*

It is clear within the four-corners of the Prenup, McGregor and Ganus contemplated utilizing the Condo as their primary residence as of the time of execution of said Agreement. Despite that contemplated use, Ganus unequivocally waived and relinquished all rights to the Condo which would otherwise arise from his marriage to McGregor including any claim to (i) increased value, (ii) other property acquired in exchange for the Condo, (iii) proceeds from the sale of the Condo, and (iv) other property acquired with the proceeds of the sale of Condo. Ganus waived any rights to prevent McGregor from transferring the Condo or to participate in financial benefits flowing from a transfer of the Condo. There can be no good-faith dispute regarding McGregor's entitlement under the Prenup to exercise complete dominion and control over the Condo during her lifetime. Nor can there be any good-faith dispute regarding Ganus's waiver and

7

relinquishment of his right to assert any interest in Condo, the value of the Condo, or any value received from the Condo at any time prior to the termination of the marriage.

Notwithstanding Ganus's waiver and relinquishment of the foregoing claims, Ganus now claims he is "entitled to receive all right, title, and interest in the Condo" without regard to the fact the Condo was not an asset of McGregor's estate because it was transferred out of McGregor's name prior to her death. Further, within the Complaint, Ganus confirms he and McGregor split time between Arizona and Florida prior to June of 2020 at which time they began residing in Arizona full-time. (ECF No. 1 at ¶¶ 21 and 23). Ganus seeks to have this Court ignore the plain language of the Prenup in order to manufacture a financial windfall in relation to a Condo he voluntarily vacated more than four years ago.

Article VI "<u>Waiver of Right to Elect to Take Against Will of Deceased Spouse</u>" is comprised of two sub-parts wherein Paragraph A contains a mutual waiver, release, and relinquishment of all rights or claims under the laws of any of the United States "except as otherwise specifically provided for in this agreement or any subsequent agreement executed by the parties." (ECF No. 1-2 at PageID 22-23). Paragraph A further waives, releases, and relinquishes the right to:

> elect to take in contravention of the terms of any last will or trust instrument of the other, including any last will now executed or which may be executed in the future, or any disposition of property made by the other during his or her lifetime or otherwise.

*Id.* This provision goes on to state "the parties will refrain from any action or proceeding which may tend to avoid or nullify the terms of any last will or trust instrument of the other." *Id.* Despite the foregoing mutual agreement, Ganus commenced this action seeking to avoid or nullify the terms of McGregor's 2015 Will and Codicil and to further avoid or nullify the terms of McGregor's Trust which holds lawful title to the Condo.

8

Finally, Article VI, Paragraph B, is comprised of five individual sentences:

**[1]** **Upon the death of Joanne, provided that she and Alexandru are married, Alexandru shall receive from Joanne's estate, all right, title and interest in and to her condominium (including necessary furniture), located at 87851 Old Highway, Unit P-3, Coral Harbor Club, Islamorada, Monroe County, Florida, free and clear of all mortgages or liens incurred by Joanne.** **[2]** Specifically excluded therefrom is all furnishings and personal property owned by Joanne at the time of her death and located in the condominium; such items shall become a part of Joanne's estate and be distributed pursuant to any testamentary instrument executed by Joanne and in effect at the time of her death. **[3]** It is understood and agreed that the right to receive Joanne's condominium is a right personal to Alexandru and shall not be assignable or transferrable to any third party or otherwise inure to the benefit of Alexandru's heirs or assigns. **[4]** In the event that the marriage between Joanne and Alexandru is dissolved at or prior to Joanne's death, this paragraph shall be rendered null and void and Joanne's condominium shall become a part of her estate and pass pursuant to any testamentary instrument executed by Joanne and in effect at the time of her death, and, if no such instrument exists, pursuant to the laws of intestacy. **[5]** **The provisions of this paragraph shall operate as a debt against Joanne's estate.**

(Emphasis and numbering added.) *Id.* For purposes of analyzing Count One of the Complaint, the 1st and 5th sentences are most relevant where sentences 2, 3, and 4[1] address clarifying circumstances relating to sentences 1 and 5. Under the 1st sentence, the parties agreed Ganus would receive "from Joanne's estate" all of Joanne's estate's "right, title and interest in and to [the Condo], free and clear of all mortgages or liens incurred by Joanne." This sentence placed two obligations upon Joanne's estate: (i) if the estate owned any right, title and interest in the Condo, it was required to transfer all such right, title and interest to Ganus; and (ii) if such a transfer was to occur, Joanne's estate was obligated to pay off all mortgages and liens incurred by Joanne, if any. The 5th sentence provides for the creation of a debt against McGregor's estate in relation to the potential transfer described in the 1st sentence.

---

[1] McGregor did file at least one Petition for Dissolution of Marriage but no judgment of dissolution was entered by the date of McGregor's passing. See Doc. 1 at ¶¶ 45 and 49.

In this case, neither McGregor nor Ganus utilized the Condo as their primary residence at any time following June 2020 nor did they maintain the Condo during that time period as their "marital residence" as contemplated within the 15-year-old Prenup. (ECF No. 1 at ¶¶ 21 and 23). On November 2, 2023, McGregor executed the Codicil to her 2015 Will setting forth her intention for Connor to receive the Condo instead of Ganus. (*Id.* at ¶¶ 42-44). On December 4, 2023, McGregor filed her petition for dissolution of marriage in Arizona seeking to terminate her marriage with Ganus. (*Id.* at ¶ 45). On February 5, 2024, Connor (as attorney-in-fact for McGregor) executed the Deed to Trustee conveying the Condo from McGregor to Joanne J. McGregor, Trustee, Joanne J. McGregor Revocable Trust u/a dtd 04/23/2024. (*Id.* at ¶ 46).

The Prenup is devoid of any language prohibiting McGregor from disposing of the Condo during her lifetime but does contain express waivers by Ganus of any right to share in, receive, or assert a claim against, any proceeds from such a disposition. The Prenup presents a simple question, "did McGregor's estate hold any right, title or interest in the Condo following her death on February 24, 2024?" According to the allegations contained within the Ganus Complaint, and the documents attached thereto, the answer to this question is "No" and thus there is no right, title or interest which can be transferred to Ganus as described within Article VI, Paragraph B of the Prenup. Wherefore, Connor requests dismissal of Count One of the Complaint on the basis the allegations and attached documents present an insuperable bar to the relief sought by Ganus.

    **B. Count Two should Appropriately be Dismissed because Ganus Lacks Standing to Challenge the Deed and the Deed Conforms to McGregor's Testamentary Wishes within her Will and Codicil.**

Ganus asserts the Deed (ECF No. 1-6) is "presumptively invalid" because Connor was in a "confidential and fiduciary relationship" with McGregor. (ECF No. 1 at ¶¶ 67-68). Aside from conclusory allegations of "presumptive invalidity" and bald assertions of "diminished cognition," "opportunity to influence," and "the product of duress, fraud, undue influence, and/or Decedent's

10

lack of capacity" the Complaint is devoid of factual support sufficient to meet the pleading standards of *Iqbal* and *Twombly* and certainly fails to meet the pleading requirements relating to claims of fraud under Fed. R. Civ. P. 9(b).

In addition to the deficient factual allegations within the Complaint, it is well-established that a plaintiff is required to "demonstrate standing separately for each form of relief sought." <u>Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.</u>, 528 U.S. 167, 185, 120 S.Ct. 693, 706, 145 L.Ed.2d 610 (2000). In relation to Count Two, Ganus fails to demonstrate standing to challenge the validity of the Deed where Ganus is not a party to the Deed, is not a third-party beneficiary of the Deed, and held no legal interest in the Condo which is the subject of the Deed at the time of its execution.

In the context of this Motion, this Court must accept as true, the following facts: (1) McGregor appointed Connor to serve as her attorney-in-fact on October 30, 2023 (*Id.* at ¶40); (2) McGregor revised her 2015 Will through the publication of the Codicil on November 23, 2023 naming Connor as the primary beneficiary of the Condo (*Id.* at ¶¶ 42-43); (3) Connor executed the Deed to Trustee on February 5, 2024 conveying the Condo to McGregor's Revocable Living Trust (*Id.* at ¶ 46); and (4) beneficial title to the Condo was held by McGregor's Revocable Living Trust when McGregor passed away in the State of Ohio on February 24, 2024. (*Id.* at ¶ 49).

Further inspection of the foregoing instruments reveals the involvement of a variety of witnesses and legal professionals. The POA was witnessed by two third-party witnesses and was also notarized by Ohio Notary Edith R. Blough.

11

SEALED AND DELIVERED
IN THE PRESENCE OF:

Signature of Witness: *Edith R. Blough*
Print Name: EDITH R. BLOUGH
Address: 5031 GRASSLAND DRIVE
Dublin, OH 43016

Signature of Witness: *David A. Uhrick*
Print Name: David A. Uhrick
Address: 4425 Knightsbridge Blvd.
Columbus, OH 43214

Similarly, the Codicil was notarized by Edith R. Blough but was also separately witnessed by two third-party witnesses:

We, Edythe A. James and Eric E. Deake, Testatrix have been sworn by the officer signing below, and declare to that officer on our oaths that the Testatrix declared the instrument to be the Testatrix's First Codicil to Last Will and Testament and signed it in our presence and that we each signed the instrument as a witness in the presence of the Testatrix and of each other.

Edythe A. James
WITNESS

E.E.D.
WITNESS

While it is unclear on the face of the documents who prepared the foregoing POA and Codicil, it appears they were prepared by the same law firm where both documents reflect similar versioning identifiers "4878-8229-6972, v. 1" and "4875-2864-1420, v. 3." The Warranty Deed to Trustee was prepared by Attorney Robert J. Onda, was notarized by Ohio Attorney Erin M. Knueve, and bears signatures from two witnesses:

Signed, sealed and delivered in the presence of:

Print Name: Shaquille Hitchcock
Address: 7118 Longlinn Road
New Albany, Ohio 43054

Print Name: Allison Parra
Address: 5552 Burberry Ln.
Columbus, OH 43228

12

The Complaint in this case presents threadbare allegations of buzzwords such as "duress, fraud, undue influence, and/or Decedent's lack of capacity" without any explanation for the fact that multiple legal professionals and disinterested witnesses participated in McGregor's plainly intentional efforts to protect her separate property from a greedy and abusive spouse.

At all relevant times between the execution of the Prenup and Connor's execution of the Deed, McGregor maintained ownership of the Condo as her own separate property with full rights to sell, transfer, exchange, or otherwise dispose of the Condo at her leisure. In November and December 2023, McGregor undertook to execute the Codicil (expressing her desire to remove Ganus as her designated beneficiary for the Condo) and file a Petition for Dissolution of her marriage to Ganus. On February 5, 2024, Connor executed the Deed conveying the Condo to McGregor in her capacity as trustee for McGregor's trust. Ganus was not a party to the Deed. Ganus had no legal rights to the Condo on February 5, 2024, nor did Ganus have any legal right to be included as a party to the Deed. Wherefore, Connor requests dismissal of Count Two of the Complaint because Ganus has failed to demonstrate standing to challenge the validity of the Deed and has further failed to adequately plead factual allegations under the controlling standards of pleading.

### C. Count Three should Appropriately be Dismissed because the Deed Conforms to McGregor's Testamentary Wishes within her Will and Codicil.

As relevant to Count Three of the Complaint, this Court must accept as true, the following facts: (1) McGregor and Ganus executed the Prenup in 2008 (ECF No. 1 at ¶ 9); (2) the provisions of the Prenup are subject to interpretation by this Court (*Id.* at ¶¶ 55-63); (3) McGregor appointed Connor to serve as her attorney-in-fact on October 30, 2023 (*Id.* at ¶40); (4) McGregor revised her 2015 Will through the publication of the Codicil on November 23, 2023 naming Connor as the primary beneficiary of the Condo (*Id.* at ¶¶ 42-43); (5) McGregor filed a Petition for Dissolution

13

of her marriage to Ganus on December 12, 2023 (*Id.* at ¶ 45); (6) Connor executed the Deed to Trustee on February 5, 2024 conveying the Condo to McGregor's Revocable Living Trust (*Id.* at ¶ 46); and (7) beneficial title to the Condo was held by McGregor's Revocable Living Trust when McGregor passed away in the State of Ohio on February 24, 2024. (*Id.* at ¶ 49).

In support of Claim Three, Ganus summarily alleges Connor's execution of the Deed was a "breach of her fiduciary duty to act in good faith, to preserve Decedent's estate plan, to act loyally, and not create a conflict of interest." (*Id.* at ¶ 78). Notably absent from the Complaint are any factual allegations substantiating how such conduct was a breach of duty, a failure to act in good faith, or constituted the creation of a conflict of interest. Notwithstanding the lack of factual support within the Complaint, the contents of the Codicil unequivocally demonstrate McGregor's desire and intention for Connor, and her descendants, to receive the Condo upon McGregor's death. Within Article V of McGregor's 2015 Will, McGregor provided "I hereby devise to my husband, Alexandru Ganus, my residence real property, the address of which is Ocean Habor Club Condominium, Unit P-3…and the contents therein as may be designated in a separate writing…" (ECF No. 1-3 at PageID 28). In November 2023, McGregor personally appeared before two witnesses and executed the Codicil wherein she deleted the original 2015 Article V and replaced it with the following:

> I devise to my daughter, LAURIE McGREGOR CONNOR, *per stirpes*, my residential real property at Ocean Harbor Club Condominium, Unit P-3, 87851 Old Highway, Islamorada, Florida, and any other real property used by me as my principal residence (my "Homestead"). If my daughter does not survive me I devise such real property to my grandson, RYAN MACKENZIE CONNOR, *per stirpes*. If my grandson does not survive me and has no descendants, I direct my Personal Representative to dispose of such remaining assets by sale and to add the proceeds thereof to my residuary estate.

(Italics in original.) (ECF No. 1-5 at PageID 41).

14

The timeline of events as alleged within, and attached to, the Ganus Complaint, is that on October 30, 2023, McGregor executed the POA nominating her daughter as her attorney-in-fact. Three days later, McGregor revised her 2015 Will to specifically eliminate her 2015 bequest of the Condo to Ganus and approximately one month later, McGregor filed her petition for dissolution of marriage in Maricopa County, Arizona. On February 5, 2024, Connor executed the Deed conveying the Condo into McGregor's trust, which said transfer is wholly consistent with McGregor's estate plan. Unfortunately, McGregor passed away less than 3-weeks later while her petition for dissolution remained pending.

As noted within James v. Norfolk Southern, supra, Ganus is required to "do more than merely speculate and create suspicion" because the *"*mere possibility that plaintiff might prevail is not enough." (Internal citations omitted.) *Id.* at *2. In this case, the allegations of the Complaint fail to provide anything more than bare speculation and blind possibilities. On the face of the documents attached to the Complaint, it is clear Connor's conduct in executing the Deed was a good-faith action to preserve McGregor's estate plan; was loyal to McGregor's stated intentions within the Codicil; and did not constitute a conflict of interest. Wherefore, Connor requests dismissal of Count Three of the Complaint because Ganus's allegations are directly refuted by McGregor's expressed testamentary intentions relating to the Condo and the allegations of the Complaint fail to present adequate factual allegations under the controlling standards of pleading.

   D. **Count Four should Appropriately be Dismissed because the Plain Language of the Prenuptial Agreement Permitted McGregor to Convey the Condo during her Lifetime and Conditioned/Restricted Ganus's Claim to the Condo to that of a Debt Against McGregor's Estate if the Condo was an Asset of her Estate.**

Court Four of the Complaint seeks an award of $1,299,208.00 in breach of contract damages allegedly caused when Connor "refused to transfer the Condo to Plaintiff." (ECF No. 1 at ¶¶ 87-88). Similarly to the preceding Counts, the allegations of Count Four are comprised largely

15

of legal conclusions and conclusory allegations without any factual support. Notwithstanding these pleading deficiencies, this Court's analysis and interpretation of the Prenup within Count One will largely be dispositive of any possible breach of contract claim in Count Four.

The Complaint alleges Connor owed obligations to Ganus, both during McGregor's lifetime and after her passing, pursuant to the Prenup, but fails to specify what obligations he claims were owed. (*Id.* at ¶¶ 82-83). Ganus alleges Connor breached the Prenup when she (a) executed the Deed, (b) rejected Ganus's claim against McGregor's estate, and (c) refused to transfer the Condo to Ganus, but fails to provide any basis upon which those conclusory allegations support his requested legal relief. (*Id.* at ¶¶ 85-87). At all relevant times between the execution of the Prenup and Connor's execution of the Deed, McGregor maintained ownership of the Condo as her own separate property with full rights to sell, transfer, exchange, or otherwise dispose of the Condo at her leisure. (ECF No. 1-2 at PageID 17-19). Further, Ganus unequivocally waived and released any claims to the Condo, the value of the Condo, the proceeds from the disposition of the Condo within the Prenup. (*Id.* at PageID 20). In November and December 2023, McGregor undertook to execute the Codicil (expressing her desire to remove Ganus as her designated beneficiary for the Condo) and file a Petition for Dissolution of her marriage to Ganus. (ECF No. 1 at ¶¶ 42-45). On February 5, 2024, Connor executed the Deed conveying the Condo to McGregor in her capacity as trustee for McGregor's trust. (*Id.* at ¶ 46). Ganus had no legal rights to the Condo on February 5, 2024, nor did Ganus have any legal right to the Condo at any time prior to February 5, 2024, where it was expressly agreed to be McGregor's separate property.

The language of the Prenup states: "Upon the death of Joanne, provided that she and Alexandru are married, Alexandru shall **receive from Joanne's estate, all right, title and interest in and to her condominium**…" (Emphasis added.) (ECF No. 1-2 at PageID 23). Thus, if Ganus

16

was still married to McGregor at the time of her death, he was to receive all of her estate's right, title and interest in and to her condominium. The Prenup does not contain any provisions restricting McGregor's rights to transfer the Condo during her lifetime, nor does the Prenup place any prohibitions upon McGregor transferring the Condo into a trust or other non-probate vehicle. Wherefore, Connor requests dismissal of Count Four of the Complaint because the allegations and attached documents present an insuperable bar to the relief sought by Ganus and further fail to adequately plead factual allegations under the controlling standards of pleading.

> **E. Count Five should Appropriately be Dismissed because the Deed Conforms to McGregor's Testamentary Wishes within her Will and Codicil and the Complaint fails to Adequately Plead his Cause of Action.**

As described above in relation to each of the preceding Counts, Connor's execution of the Deed on February 5, 2024, is consistent with the expressed testamentary wishes set forth within McGregor's 2015 Will and Codicil and placed the Condo into McGregor's trust for further administration in accordance with McGregor's expressed wishes. Nonetheless, Ganus presents this Court with conclusory allegations the February 2024 transfer of the Condo into McGregor's trust was a fraudulent transfer completed "with actual intent to hinder, delay, or defraud [Ganus] from receiving **his interest** in the Condo pursuant to the Prenuptial Agreement." (Emphasis added.) (ECF No. 1 at ¶ 93). Count Five goes on to allege the transfer of the Condo left McGregor's estate with "a claim to the Condo, beyond its ability to pay." (*Id.* at ¶ 94). While your Honor has previously concluded the heightened pleading requirements of Fed. R. Civ. P. 9(b) apply to claims under Ohio's fraudulent transfer statute "if it alleges actual intent to hinder, delay, or defraud creditors," the allegations within this Complaint fail to even clarify whether Ganus is pursuing his fraudulent transfer action premised upon Ohio statutory law or common law or some other law altogether. Cap City Dental Lab, LLC v. Ladd, S.D.Ohio No. 2:15-CV-2407, 2016 WL 4573993, *13.

Under the plain language of the Prenup, Ganus's claim must fail for at least three reasons. First, while the Prenup provided Ganus with a conditional right to receive all of McGregor's estate's "right, title and interest in and to" the Condo, the language of the Prenup is abundantly clear that Ganus was not entitled to receive any money relating to the value or disposition of the Condo. (ECF No. 1-2 at PageID 17-20 and 23). Second, the Prenup, when read in its entirety, clearly reserved to McGregor the absolute right to sell, trade, or otherwise dispose of her separate property, including the Condo, at any time during her lifetime without any involvement or participation by Ganus. (*Id.* at PageID 17-20). Third, fraudulent transfer actions in Ohio are equitable in nature[2], and the allegations of this Complaint demonstrate Ganus lacks entitlement to such an equitable remedy where Ganus had not lived in the Condo for more than four years (ECF No. 1 at ¶¶ 22-23), McGregor had filed a petition for dissolution of the marriage (*Id.* at ¶ 45), and all of McGregor's conduct in the final months of her life evinced an intention for her descendants to receive all of her separate property upon her death. (*Id.* at ¶¶ 42-46).

The Condo was never an asset of McGregor's estate, nor is there any language within the Prenup prohibiting McGregor from holding the Condo in a non-probate vehicle. Within Count Five, Ganus has presented bare bone allegations calling for this Court to grant him an equitable remedy but has wholly failed to plead his claim with the required particularity. The limited facts Ganus has included within his Complaint demonstrate inequitable efforts to capitalize on the fact McGregor passed away before she could obtain a judgment for dissolution as a means of stealing McGregor's Condo from the family members McGregor selected to receive the Condo within the Codicil.

---

[2] See Hitachi Med. Systems America, Inc. v. Branch, N.D.Ohio No. 5:09-CV-1575, 2010 WL 3941824, *6, report and recommendation adopted, N.D.Ohio No. 5:09-CV-015752010 WL 3941912.

### III. CONCLUSION

Ganus's Complaint fails to comply with the pleading requirements for federal cases and further ignores the heightened pleading requirements set forth within Fed. R. Civ. P. 9(b). For purposes of this Motion, Connor requests this Court review the considerable number of conclusory allegations which are not entitled to the assumption of truth, accept as true all sufficiently factual allegations contained within the Complaint, and give due consideration to the plain language of the documents attached thereto, to determine whether Ganus has standing to pursue his claims and whether Ganus has met his burden of showing more than a mere possibility that he might prevail on each claim.

Connor respectfully requests this Court issue a decision dismissing each of Ganus's five causes of action with prejudice and awarding her such other relief as this Court deems appropriate at law and equity.

Respectfully submitted,

/s/ Andrew C. Clark
Andrew C. Clark      (0083519) Trial Counsel
Samantha M. Lewis    (0100975)
Colleen R. Vance     (0099665)
**Onda LaBuhn Ernsberger & Boggs Co., LPA**
acc@ondalabuhn.com
sml@ondalabuhn.com
crv@ondalabuhn.com
35 North Fourth Street, Suite 100
Columbus, Ohio 43215
Phone: (614) 716-0500
Fax: (614) 716-0511
*Counsel for Defendant Laurie Connor*

## **CERTIFICATE OF SERVICE**

I certify a copy of this document has been served via email on August 20, 2024, upon:

Adriann S. McGee
Mary E. Kraft
**Reminger Co., LPA**
amcgee@reminger.com
mkraft@reminger.com
*Counsel for Plaintiff*

                                      /s/ Andrew C. Clark
                                      Andrew C. Clark       (0083519)