**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| Alexandru Ganus, | ) | Case No.: 2:24-cv-3584 |
| Plaintiff, | ) | |
| | ) | Judge Edmund A. Sargus |
| vs. | ) | |
| | ) | Magistrate Chelsey M. Vascura |
| Laurie Connor, etc., *et al*., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S RESPONSE IN OPPOSITION
TO DEFENDANT'S MOTION TO DISMISS**

    Plaintiff Alexandru Ganus respectfully requests this Court deny Defendant Laurie Connor's Motion to Dismiss. Specifically, Defendant's Motion should be denied because all five causes of action within Plaintiff's Complaint are sufficiently pled. A Memorandum in Support follows below.

        Respectfully submitted,

        */s/ Adriann S. McGee*
        Adriann S. McGee (0085731)
        Mary E. Kraft (0099823)
        Reminger Co., LPA
        200 Civic Center Drive, Suite 800
        Columbus, Ohio 43215
        Direct Dial:  614-232-2442
        Fax:  614-232-2410
        Email: amcgee@reminger.com
               mkraft@reminger.com
        *Counsel for Plaintiff*

**MEMORANDUM IN SUPPORT**

**I.     INTRODUCTION**

On July 1, 2024, Plaintiff Alexandru Ganus ("Plaintiff") filed his Complaint against Defendant Laurie Connor, individually, as Executor of the Estate of Margaret Joanne Ganus, and as Trustee of the Joanne J. McGregor Revocable Trust. The Complaint is extensively detailed, comprised of five causes of action and ninety-five (95) paragraphs, and chronicles Defendant's misconduct and undue influence over her ninety-six (96) year old mother, Margaret Joanne Ganus ("Decedent"). Nonetheless, on September 27, 2024, Defendant filed her Motion to Dismiss, arguing the Complaint fails to allege sufficient facts that plausibly establish each element of each cause of action alleged. However, Plaintiff's Complaint is clearly sufficiently pled, and Defendant's Motion should be denied.

**II.    FACTUAL BACKGROUND**

Decedent and Plaintiff were married on June 20, 2008, in Islamorada, Florida. (ECF No. 1 at ¶ 7). Prior to entering into the marriage, the couple executed a Prenuptial Property Agreement on June 17, 2008. (*Id*. at ¶ 9). Pursuant to Article VI, Paragraph B of the Prenuptial Agreement, upon Decedent's death, so long as Decedent and Plaintiff are still married, Plaintiff is entitled to receive from Decedent's estate, all right, title, and interest in and to the condominium (including necessary furniture) located at 87851 Old Highway, Unit P-3, Coral Harbor Club, Islamorada, Monroe County, Florida (the "Condo"). (*Id*. at ¶ 10). With respect to Article VI, Paragraph B, the Prenuptial Agreement specifically states: "The provisions of this paragraph shall operate as a debt against [Decedent's] estate." (*Id*. at ¶ 11).

On December 21, 2015, Decedent executed her Last Will and Testament in Monroe County, Florida, naming Plaintiff as the beneficiary of the Condo. (*Id*. at ¶ 12). Under the 2015

Will, Decedent appointed McDonald Trust Services as the Personal Representative of her Estate. (*Id*. at ¶ 13). Although the 2015 Will named Plaintiff as the beneficiary of the Condo, Plaintiff was already entitled to receive the Condo upon Decedent's death pursuant to the Prenuptial Agreement, which controls over Decedent's other estate planning documents. (*Id*. at ¶ 14).

Following a fall on a cruise, Decedent's health began to decline, and she suffered from debilitating vertigo. (*Id*. at ¶¶ 16 – 20). Prior to June 2020, the couple split their time between Florida and Arizona. (*Id*. at ¶ 21). In June 2020, Decedent suffered from a series of falls while in Arizona, which resulted in a broken collarbone, five broken ribs, and open lacerations. (*Id*. at ¶ 22). As a result of the falls, the couple remained in Arizona. (*Id*. at ¶ 23). Starting in 2021, Decedent could no longer drive, and her vertigo had progressed to the point where she could no longer bathe herself. (*Id*. at ¶ 24). She began to suffer from hallucinations, mood swings, and hearing loss. (*Id*.). Plaintiff provided 24/7 care to Decedent because she steadfastly rejected the idea of moving into an assisted living home. (*Id*. at ¶ 25).

Defendant is Decedent's adoptive daughter from a previous relationship. (*Id*. at ¶ 26). Defendant and her mother were not close, because Defendant did not accept or approve of Decedent's marriage to Plaintiff. (*Id*. at ¶ 27). In the earlier years of their marriage, Defendant would not speak to Decedent or return her phone calls. (*Id*. at ¶ 28).

In June of 2023, with knowledge of Decedent's declining health and vulnerability, Defendant began to involve herself in Decedent financial, medical, and legal affairs. (*Id*. at ¶ 30). On June 19, 2023, Decedent told Plaintiff that Defendant and her husband were in town, and were going to take Decedent to the Costco hearing aid center. (*Id*. at ¶ 31). However, Plaintiff had already made plans for the couple, as it was their fifteenth wedding anniversary, so Defendant agreed to move their plans to the next day. (*Id*. at ¶¶ 32 -34). On June 21, 2023,

3

Defendant picked up Decedent under the guise of taking her to Costco. (*Id*. at ¶ 35). As Plaintiff left for his daily run around 5:00 pm, he saw Defendant's car driving Decedent back home. (*Id*. at ¶ 36). When Plaintiff returned from his run, Decedent, her car, jewelry, papers, and cosmetics were gone from the house. (*Id*. at ¶ 37). A few minutes later, Plaintiff received a text message from Defendant's husband purporting that Decedent "decided" to spend some time with them in Ohio. (*Id*. at ¶ 38). Defendant removed her 96 year old mother from her home in Arizona, transported her across the country, and moved Decedent into a nursing home. (*Id*. at ¶ 39).

After moving Decedent to Ohio, Defendant arranged, caused, and/or orchestrated events whereby Decedent executed a Durable Power of Attorney ("POA"), naming Defendant as her agent, on October 30, 2023. (*Id*. at ¶ 40). Although Decedent executed the POA in Franklin County, Ohio, it states that Decedent is a resident of Florida (she had not lived here in over three years), and that it was created pursuant to Florida law. (*Id*. at ¶ 41). On November 23, 2023, Defendant arranged, cause, and/or orchestrated events whereby Decedent executed a First Codicil to her Will. (*Id*. at ¶ 42). Under the 2023 Will, Defendant's interest in the Condo is removed in favor of Plaintiff, and Plaintiff is named as the Personal Representative. (*Id*. at ¶ 43). Although Decedent was living in Ohio and executed the purported Codicil in Franklin County, the Codicil states it shall be governed by, construed, and administered in accordance with the laws of the State of Florida. (*Id*. at ¶ 44). On December 12, 2023, Defendant arranged, caused, and/or orchestrated events whereby a Petition for Dissolution of Marriage was filed, on Decedent's behalf, in the Maricopa County, Arizona Superior Court. (*Id*. at ¶ 45).

On February 5, 2024, Defendant, in her capacity as agent under Decedent's POA, executed a Warranty Deed to Trustee (the "Deed"), transferring the Condo into Decedent's Trust. (*Id*. at ¶ 46). This transfer was self-serving because, following Decedent's death,

4

Defendant is the beneficiary of the Trust. (*Id*. at ¶ 47). Defendant made the transfer with actual and malicious intent to defraud Plaintiff from his inheritance, because Defendant believed that, by transferring the Condo to Defendant's Trust, the Estate would have no interest in the Condo upon Decedent's death, and avoid its obligation under the Prenuptial Agreement. (*Id*. at ¶ 48).

Decedent passed away on February 24, 2024, while the dissolution petition was still pending, prior to the parties even having their first hearing. (*Id*. at ¶ 49). Because Plaintiff was still married to Decedent at the time of her death, Plaintiff is entitled to receive the Condo (including necessary furniture) pursuant to the terms of the Prenuptial Agreement. (*Id*. at ¶ 50).

On May 9, 2024, Defendant was appointed as Executor of Decedent's Estate in Franklin County, Ohio Probate Court Case No. 630564. (*Id*. at ¶ 51). On May 24, 2024, Plaintiff filed his Presentation of Claim Against Decedent's Estate within the Estate Administration, presenting and preserving his claim to the Condo pursuant to the Prenuptial Agreement. (*Id*. at ¶ 52). On May 28, 2024, Plaintiff served a written demand for allowance of his claim, pursuant to R.C. 2117.11, upon Defendant, in her capacity as Executor of Decedent's Estate. (*Id*. at ¶ 53). On May 31, 2024, Defendant submitted her Notice, rejecting Plaintiff's claim against the Estate, claiming the Estate does not own any right, title, or interest in the Condo because it was transferred to the Trust. (*Id*. at ¶ 54).

On July 1, 2024, Plaintiff filed the underlying Complaint, raising claims of (1) Declaratory Judgment to Enforce Prenuptial Property Agreement; (2) Declaratory Judgment to Invalidate Deed; (3) Court Review of Agent's Conduct under R.C 1337.36 / Breach of Fiduciary Duty; (4) Breach of Contract; and (5) Fraudulent Transfer.

5

### III. LAW AND ARGUMENT

#### A. Legal Standard.

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the pleading." *Travelers Property Cas. Co. of Am. v. Dayton Freight Lines, Inc.*, N.D.Ohio No. 5:22-cv-1550, 2023 U.S. Dist. LEXIS 42940, *2 (Mar. 14, 2023) "All allegations of fact by the non-moving party are accepted as true and construed in the light most favorable to that party." *Id*. "The sufficiency of the pleading is tested against the notice pleading requirements of Fed. R. Civ. P. 8(a)(2), which provides that a complaint must contain 'a short and plain statement of the claim showing that the pleader is entitled to relief[.]'" *Id*. at *3. "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id*. at *4. "Although this pleading standard does not require great detail, the factual allegations in the complaint 'must be enough to raise a right to relief above the speculative level[.]'" *Robertson v. Univ. of Akron School of Law*, N.D.Ohio No. 5:20-cv-1907, 2021 U.S. Dist. LEXIS 157345, *11 (Aug. 20, 2021).

#### B. Plaintiff sufficiently pled Count One.

Count One of Plaintiff's Complaint raises a claim for declaratory judgment to enforce the Prenuptial Property Agreement. (ECF No. 1 at ¶¶ 55 – 63). Pursuant to Article VI, Paragraph B of the Prenuptial Agreement, Plaintiff was entitled to the Condo upon Decedent's death, and this provision operates as a debt against Decedent's Estate. (*Id*. at ¶¶ 9-10; ECF No. 1 – 2 at PageID 9). The Condo is Plaintiff's only inheritance from Decedent, his spouse of 15 years. When Plaintiff and Decedent contemplated the Prenuptial Property Agreement, they agreed that all separate property would remain as that individual owner's property. (See ECF No. 1 – 2 at PageID 19) (emphasis added) (Article III: Separate Property: "…all separate property…***shall***

***remain the sole and separate property*** or other asset ***of the respective owner of the property*** or other asset prior to the marriage."). In other words, Decedent agreed that the list of separate property she owned would remain titled in the Decedent's name, consistent with the terms of the Prenuptial Agreement. Consequently, Decedent, and Defendant as her agent under the POA, had an obligation to ***not*** transfer the Condo out of Decedent's individual name. In exchange, Plaintiff waived and relinquished all right, title, and interest he may have in Decedent's Separate Property during her lifetime, and relinquished all rights of claims to Decedent's Estate (other than as specifically provided for under the Prenuptial Agreement). (ECF No. 1 at ¶ 84; ECF No. 1 – 2 at PageID 6, 8).

Defendant argues that the language in the Prenuptial Agreement, waiving Plaintiff's claim to Separate Property, allowed Decedent to circumvent her obligation to maintain sole ownership of the Condo. However, the Prenuptial Agreement, over and over again, manifests Plaintiff and Decedent's intention that ***Decedent*** retain sole ownership of the Condo during her lifetime, that it would be a part of her estate at death, and that if they were still married, Plaintiff would be entitled to the Condo upon Decedent's death. (See ECF No. 1 – 2 at PageID 17 - 23) (separate property provision; list of separate property solely owned by Decedent (which clarifies when it is not a sole title ownership – reference to right to income and power of appointment for one trust); marital residence provision, waiver in Article VI references "except as otherwise specifically provided for in this agreement"). Boilerplate language to account for unlikely events does not relieve Decedent, or her agent, from adhering to the Prenuptial Agreement and retaining sole title ownership in the Condo while the Prenuptial Agreement was in force. However, after Plaintiff served his Claim Against the Estate and written demand for allowance, Defendant, as

7

Executor of Decedent's Estate, rejected the claim because the Condo was an asset of Decedent's Trust, rather than her Estate, at the time of her death. (ECF No. 1 at ¶¶ 51 – 54).

Pursuant to the Prenuptial Agreement, Plaintiff and Decedent clearly intended for Plaintiff to receive the Condo upon Decedent's death. To the extent this Court interprets the boilerplate language of the Prenuptial Agreement to allow Decedent to transfer the Condo to her Trust, this Court may issue a Declaratory Judgment, reforming the Prenuptial Agreement to reflect the actual intent of the parties. *Faivre v. DEX Corp. Northeast*, 182 Ohio App.3d 563, 2009-Ohio-2660, 913 N.E.2d 1029, ¶ 19 (10th Dist.) (Courts may use reformation to modify a written instrument so that the face of the writing reflects the actual intent of the parties. [W]here the mistake occurred due to a drafting error by one party and the other party knew of the error and took advantage of it, the trial court may reform the contract. * * * Reformation is appropriate if one party believes that a contract correctly integrates the agreement and the other party is aware that it does not, even though the mistake was not mutual."). Indeed, if the Prenuptial Agreement actually operates by only allowing Plaintiff to receive the Condo if it was an asset of Decedent's Estate at the time of her death, this was due to a mistake. Defendant, in her capacity as Decedent's agent, was aware of this error, took advantage of it, and transferred the Condo to Decedent's Trust. Therefore, this Court may issue a Declaratory Judgment, reforming the Prenuptial Agreement to reflect the actual intent of the parties – that Plaintiff receive the Condo upon Decedent's death – and ordering Defendant to comply with her obligations under the contract. Accordingly, Defendant's Motion to Dismiss should be denied.

### C. Plaintiff sufficiently pled Count Two, and has standing to challenge the Deed.

Plaintiff's second cause of action raises a claim for declaratory judgment, and asks this Court to invalidate the Deed as the result of undue influence and/or Decedent's lack of capacity.

(ECF No. 1 at ¶¶ 64 – 71). "Undue influence is defined as any improper or wrongful constrain machination of urgency of persuasion where by the will of a person is overpowered and she is induced to do or forebear an act which she would not or would do if left to act freely." *Landon v. Lavrisiuk*, 8th Dist. No. 84893, 2005-Ohio-4991, ¶ 28 (Sept. 22, 2005). "In order to make the requisite showing of undue influence, four essential elements must be proven. The necessary elements include proof that: (1) an individual is susceptible to undue influence; (2) another person had an opportunity to exert undue influence over the susceptible individual; (3) improper influence was exerted or attempted; and (4) the result showing the effect to such influence." *Id*.

However, a transfer is presumed to be the product of undue influence if the challenging party establishes a fiduciary relationship existed between the decedent and defendant. *Fox v. Stockmaster*, 3rd Dist. Seneca No. 13-01-34, 2002-Ohio-2824, ¶ 51. "Once this presumption arises, the burden of going forward with evidence shifts to the beneficiary to show that his conduct has been free of undue influence or fraud. The beneficiary must rebut the presumption by a preponderance of the evidence." *Nickels v. Spisak*, 11th Dist. Portage No. 2013-P-0094, 2014-Ohio-2709, ¶ 29

Within the Complaint, Plaintiff alleges that Defendant was in a fiduciary relationship with Decedent as her agent under a financial power of attorney. (ECF No. 1 at ¶¶ 40, 46 – 47, 67 – 68). In her capacity as agent, Defendant executed the Deed, transferring the Condo to a Trust, of which Defendant became the beneficiary following Decedent's death. (*Id*. at ¶¶ 46 – 47, 70). Therefore, it will be Defendant's burden to rebut the presumption of undue influence by a preponderance of the evidence, and dismissal of count two is unwarranted.

Notwithstanding the presumption of undue influence, the Complaint sufficiently pleads factual allegations for each element of undue influence, demonstrating that Plaintiff is entitled to a judgment declaring the Deed invalid, null, and void:

(1) Decedent was an individual is susceptible to undue influence
- See ECF No. 1 at ¶¶ 16 – 25, 39, 66

(2) Defendant had an opportunity to exert undue influence over the susceptible individual;
- See ECF No. 1 at ¶¶ 30 – 40, 45, 69

(3) Defendant exerted improper influence over Decedent; and
- See ECF No. 1 at ¶¶ 40 – 48, 70

(4) Defendant executed the Deed transferring the Condo to the Trust, showing the effect to such influence.
- See ECF No. 1 at ¶¶ 70.

Finally, Plaintiff clearly has standing to bring this claim. "A party will have standing where the party can demonstrate an injury in fact." *In re Estate of York*, 133 Ohio App.3d 234, 241, 727 N.E.2d 607 (12th Dist.1999). "An injury in fact requires a showing that the party has suffered or will suffer a specific injury, that the injury is traceable to the challenged action, and that it is likely the injury will be redressed by a favorable decision." *Id*. Within the Complaint, Plaintiff alleges that, pursuant to the Prenuptial Agreement, he was entitled to the Condo upon Decedent's death. (ECF No. 1 at ¶ 10). Plaintiff was injured when Defendant executed the Deed, in her capacity as Decedent's agent, transferring the Condo to the Trust, because his interest in the Condo operated as a debt against Decedent's Estate. (ECF No. 1 at ¶¶ 46 – 48). And, Plaintiff's injury will be redressed by a favorable decision. If the Deed is invalidated, the Condo will revert to Decedent's Estate and be transferred to Plaintiff pursuant to the terms of the Prenuptial Agreement. Therefore, Defendant's Motion to Dismiss should be denied.

### D. Plaintiff sufficiently pled Count Three.

Count Three raises a claim for Court Review of Agent's Conduct under R.C. 1337.36 / Breach of Fiduciary Duty. Specifically, Count Three alleges Defendant breached her fiduciary duty by executing the Deed, and asks this Court to review Defendant's conduct as agent under Decedent's POA and grant appropriate relief. (ECF No. 1 at ¶¶ 72 – 79).

Pursuant to R.C. 1337.36: "Any of the following person may petition a court to construe a power of attorney or review the agent's conduct and grant appropriate relief…(4) the principal's spouse…(6) a person named as a beneficiary to receive any property, benefit, or contractual right on the principal's death[.]" Within the Complaint, Plaintiff alleges that: (1) Defendant was Decedent's agent under her POA; (2) Plaintiff is Decedent's surviving spouse; and (3) Plaintiff had a contractual right to receive the Condo upon Decedent's death pursuant to the Prenuptial agreement. (ECF No. 1 at ¶¶ 2, 9 – 10, 40, 67). Accordingly, pursuant to R.C. 1337.36, Plaintiff sufficiently petitioned this Court to review Defendant's conduct as Decedent's agent under a POA and grant appropriate relief.

### E. Plaintiff sufficiently pled Count Four.

Plaintiff's fourth cause of action, breach of contract, is brought against Defendant in her capacity as Executor of Decedent's Estate. "The elements of a breach-of-contract claim are: (1) the existence of a contract; (2) performance by the plaintiff; (3) breach by the defendant; and (4) damages resulting from the breach." *Fox Consulting Group, Inc. v. Mailing Servs. of Pittsburgh, Inc.*, 1st Dist. Hamilton No. C-210250, 2022-Ohio-1215, ¶ 8.

Within the Complaint, Plaintiff alleges that he and Decedent entered into the Prenuptial Agreement, which is a legally enforceable contract between Plaintiff and Decedent's Estate. (ECF No. 1 at ¶¶ 9, 81). Under the Article VI, Paragraph B of the Prenuptial Agreement, upon

11

Decedent's death, Plaintiff was to receive the Condo, and this provision was to operate as a debt against Decedent's estate. (*Id.* at ¶¶ 10 – 11). Plaintiff performed on the Prenuptial Agreement by waiving and relinquishing all right, title, and interest he may have in any residence purchased from Decedent's separate property, by virtue of his marriage to Decedent and as a result of any contributions he may make towards the payment of bills or mortgage(s) associated with any said home, and by waiving, releasing, and relinquishing all rights of claims to Decedent's Estate and waiving the right to administer Decedent's Estate. (*Id.* at ¶ 84; ECF No. 1 – 2 at PageID 6, 8). Defendant/Decedent breached the Prenuptial Agreement by: (1) executing the Deed in an intentional attempt to impede Plaintiff's inheritance rights under the contract; (2) rejecting Plaintiff's claim against the Estate regarding his interest in the Condo; and (3) refusing to transfer the Condo to Plaintiff. (ECF No. 1 at ¶¶ 85 – 87). And, Plaintiff suffered damages of approximately $1,299,208 (the value of the Condo) by Defendant's breach of the Prenuptial Agreement, because the Condo was no longer an asset of Decedent's Estate at the time of her death. (ECF No. 1 at ¶¶ 46 – 48, 88). Therefore, Plaintiff's breach of contract claim was sufficiently plead to overcome Defendant's Motion to Dismiss.

**F. Plaintiff sufficiently pled Count Five.**

Count Five of the Complaint raises a claim for Fraudulent Transfer. Pursuant to R.C. 1336.04, a transfer made by a debtor is fraudulent as to a creditor if the debtor made the transfer in either of the following ways: "(1) With actual intent to hinder, delay, or defraud any creditor of the debtor;" **or** "(2) Without receiving a reasonably equivalent value in exchange for the transfer or obligation, and if either of the following applies:…(b) The debtor intended to incur, or believed or reasonable should have believed that the debtor would incur, debts beyond the debtor's ability to pay as they became due."

The Complaint sufficiently pleads a claim for fraudulent transfer under R.C. 1336.04(A)(1) and (2)(b). Pursuant to the Prenuptial Agreement, the provision entitling Plaintiff to the Condo upon Decedent's death specifically states: "The provisions of this paragraph shall operate as a debt against [Decedent's] estate." (ECF No. 1 at ¶¶ 10 – 11; ECF No. 1 – 2 at PageID 9). Accordingly, the Complaint alleges that Plaintiff is a creditor to Decedent's Estate, with a claim to the Condo, and Defendant, as Executor of Decedent's Estate, is a debtor who is liable on Plaintiff's claim, pursuant to the Prenuptial Agreement. (ECF No. 1 at ¶¶ 90 – 91). Plaintiff further alleges that Decedent's transfer of the Condo, completed by Defendant in her capacity as agent, is fraudulent as to Plaintiff because Defendant transferred the Condo with actual intent to hinder, delay, or defraud Plaintiff from receiving his interest in the Condo, because she believed that, by transferring the Condo to the Trust, the Estate would have no interest in the Condo upon Decedent's death, and avoid its obligation under the Prenuptial Agreement. (*Id*. at ¶¶ 48, 92 - 93). Additionally, the Complaint alleges that Decedent did not receive any reasonably equivalent value in exchange for the transfer, and Defendant knew the Estate would incur a claim to the Condo, pursuant to the Prenuptial Agreement, that it would be unable to pay. (*Id*. at ¶¶ 48, 92 - 94). As such, Plaintiff sufficiently plead a claim for fraudulent transfer.

### IV.     CONCLUSION

Based on the foregoing, Plaintiff Alexandru Ganus respectfully requests this Court deny Defendant Laurie Connor's Motion to Dismiss.

          Respectfully submitted,

          ___*/s/ Adriann S. McGee*___
          Adriann S. McGee (0085731)
          Mary E. Kraft (0099823)
          Reminger Co., LPA
          200 Civic Center Drive, Suite 800
          Columbus, Ohio 43215
          Direct Dial: 614-232-2442
          Fax: 614-232-2410
          Email: amcgee@reminger.com
             mkraft@reminger.com
          *Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

Andrew C. Clark (0083519)
Samantha M. Lewis (0100975)
Colleen R. Vance (0099665)
Onda Labuhn Ernsberger & Boggs Co., LPA
35 North Forth Street, Suite 100
Columbus, Ohio 43215
P: (614) 716-0500
F: (614) 716-0511
acc@ondalabuhn.com
sml@ondalabuhn.com
crv@ondalabuhn.com
*Counsel for Defendant Laurie Connor*

                */s/* Adriann S. McGee_____
                Adriann S. McGee (0085731)